IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**COURTNEY ADKINS, individually and on behalf of those similarly situated,**

       Plaintiff,

v.

**CREDIT ACCEPTANCE CORPORATION,**

       Defendant.

Civil Action No. 2:16-CV-03343

## COMPLAINT

### Preliminary Statement

1. This case arises out of the abusive and harassing debt collection practices of Defendant Credit Acceptance Corporation ("Credit Acceptance"). In particular, this case concerns Credit Acceptance's knowing violations of the Telephone Consumer Protection Act of 1991 ("TCPA") and the West Virginia Consumer Credit and Protection Act ("WVCCPA"). To enforce the TCPA and the WVCCPA and to stop these abusive practices, Plaintiff brings this action on her own behalf and on behalf of classes of similarly situated individuals.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action involves violation of a federal statute, the TCPA.

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). This matter in controversy exceeds $5 million, as each member of the proposed classes, which likely exceed 10,000, is entitled to up to $1500 in statutory damages for each unlawful call.

4.  This Court has supplemental jurisdiction over Plaintiff's WVCCPA claims under 28 U.S.C. § 1367(a) as these claims form part of the same case or controversy as Plaintiff's claims under the TCPA.

5.  This Court has personal jurisdiction because Defendant does business in the Southern District of West Virginia. Further, its voluntary conduct with Plaintiff in calling her cell phone in West Virginia made it foreseeable that Defendant would be hailed into a West Virginia court. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985).

6.  Venue is proper in this District under 28 U.S.C. §§ 1931(b)-(c) and 1441(a) because the Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

## Parties

7.  Plaintiff Courtney Adkins is a West Virginia resident.

8.  Defendant Credit Acceptance is a corporation headquartered in Southfield, Michigan and which does business in West Virginia.

## Applicable Law

**A.   TCPA § 227(b) regulates autodialer and artificial or prerecorded voice calls to cellular phones.**

9.  Among other things, the TCPA prohibits the use of an automated telephone dialing system ("ATDS") to make a call to a cellular telephone number.

10. Persons who receive calls in violation of these provisions may bring an action to recover the greater of the monetary loss caused by the violation, or $500. *Id.* § 227(b)(3). If the Court finds the defendant willfully or knowingly violated § 227(b), the Court may increase the award to up to $1500 per violation. *Id.*

  **B.** **The WVCCPA proscribes certain methods of debt collection and attempted debt collection to protect West Virginia consumers.**

  11. W. Va. Code § 46A-2-125 prohibits debt collectors from collecting or attempting to collect a debt by way of oppressive or abusive means, including calling repeatedly or continuously with the intent to annoy, abuse, oppress or threaten any person at the called number.

  12. W. Va. Code § 46A-2-127 prohibits debt collectors from collecting or attempting to collect a debt by using fraudulent, deceptive or misleading representation or means, including misrepresenting the amount owed by a consumer.

  13. W. Va. Code § 46A-5-101(1) creates a private right of action for consumers to recover actual damages as well as statutory penalties up to $4,600 for each prohibited debt collection action committed by a debt collector.

## Facts

  14. In or around May 2013, Defendant began making debt collection calls to Plaintiff's cellular telephone number, XXX-XXX-5804.

  15. Plaintiff is the subscriber and regular user of this telephone number.

  16. Plaintiff noticed that after she answered Defendant's calls and said hello, there was a delay before a live person spoke.

  17. Upon information and belief, Defendant placed hundreds of calls to Plaintiff's cellular telephone.

  18. Upon information and belief, Defendant used an automatic telephone dialing system to make debt collection calls to Plaintiff and putative class members.

19. Upon information and belief, no human manually entered Plaintiff's and TCPA putative class members' cellular telephone numbers; rather Credit Acceptance's telephone system electronically dialed Plaintiff's and putative class members' cellular telephone numbers.

20. Upon information and belief, Credit Acceptance's autodialer equipment can store or produce telephone numbers to be called using a random or sequential generator to dial such numbers and/or to call telephone numbers stored in pre-programmed lists or databases in a manner designed to maximize the efficiency of call centers.

21. Plaintiff and putative TCPA class members did not provide express consent for Credit Acceptance to call their cellular telephone numbers.

22. Plaintiff and putative TCPA class members did not provide their cellular telephone numbers to Credit Acceptance during a transaction that created a debt.

23. Plaintiff and putative WVCCPA class members did not owe a debt to Credit Acceptance Corporation.

24. Plaintiff repeatedly informed Credit Acceptance that she did not owe a debt to Credit Acceptance, and requested Credit Acceptance to stop calling her cellular telephone.

25. Nevertheless, Credit Acceptance continued harassing Plaintiff with telephone calls to Plaintiff's cellular telephone.

## TCPA Class Action Allegations

26. Plaintiff brings this claim pursuant to Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on her own behalf and on behalf of the following class of cellular phone call recipients ("TCPA Cellular Class"), subject to modification after discovery and case development:

> All individuals who received automatic telephone dialing calls to their cellular phones from Defendant and did not provide their cellular telephone

numbers to Defendant during a transaction that created a debt, on or after four years prior to the date of the filing of this Complaint.

27. Class members are identifiable through phone records and phone number databases.

28. Excluded from the classes are Defendant; any entities in which it has a controlling interest; its agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

29. Plaintiff proposes that she serve as class representative.

30. Plaintiff and the classes have all been harmed by Defendant.

31. Numerosity is satisfied. There are likely thousands of class members. Individual joinder of these persons is impracticable.

32. There are questions of law and fact common to Plaintiff and the proposed classes, including but not limited to:

    a. Whether the Defendant violated the TCPA by making debt collection calls to persons via automatic telephone dialing calls;

    b. Whether the Defendant's conduct was knowing and/or willful;

    c. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions; and

    d. Whether Defendant should be enjoined from engaging in such conduct in the future.

33. Plaintiff's claims are typical of those of class members.

34. Plaintiff is an adequate representative of the classes because her interests do not conflict with the interests of the class members, she will fairly and adequately protect the

interests of the class members, and she is represented by skillful and knowledgeable counsel. The relief sought by the named Plaintiff will inure to the benefit of the class generally.

35. Common questions of law and fact predominate over individual questions, and the class action device is superior to other available methods for the fair and efficient adjudication of the controversy.

36. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

## West Virginia Law Class Action Allegations

37. Plaintiff brings this action under Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure on her own behalf and on behalf of the following class of persons in West Virginia ("WVCCPA Class"), subject to modification after discovery and case development:

> All West Virginia consumers who did not owe Defendant a debt yet received one or more debt collection communications from Defendant, on or after four years prior to the date of the filing of this Complaint.

38. Class members are identifiable through phone records and phone number databases.

39. Excluded from the classes are Defendant; any entities in which it has a controlling interest; its agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

40. Plaintiff proposes that she serve as class representative.

41. Plaintiff and the class have all been harmed by Defendant.

42. Numerosity is satisfied. There are likely hundreds of class members. Individual joinder of these persons is impracticable.

43. There are questions of law and fact common to Plaintiff and the proposed classes, including but not limited to:

    a. Whether the Defendant violated the WVCCPA by making debt collection calls to persons not owing a debt;

    b. Whether the Plaintiff and the class members are entitled to statutory penalties as a result of Defendant's actions; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

44. Plaintiff's claim is typical of that of class members.

45. Plaintiff is an adequate representative of the classes because her interests do not conflict with the interests of the class members, she will fairly and adequately protect and the interests of the class members, and she is represented by skillful and knowledgeable counsel. The relief sought by the named Plaintiff will inure to the benefit of the class generally.

46. Common questions of law and fact predominate over individual questions, and the class action device is superior to other available methods for the fair and efficient adjudication of the controversy.

47. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

### Claims for Relief

**COUNT I — Violations of 47 U.S.C. § 227(b)(1) for calls made using an ADTS (Individual and TCPA Cellular Class Claim)**

48. Plaintiff incorporates the preceding paragraphs by reference.

49. Defendant used an automatic telephone dialing system to initiate telephone calls to Plaintiff and putative class members' cellular telephones without the prior express consent of

Plaintiff and putative class members in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(1)(iii).

### COUNT II — Violations of WVCCPA for false representation of amount of claim
### (Individual and WVCCPA Class Claim)

50. Plaintiff incorporates the preceding paragraphs by reference.

51. By attempting to collect debts not owed, Credit Acceptance misrepresented the amount of a claim in violation of West Virginia Code § 46A-2-127.

### COUNT III—Oppressive and abusive debt collection
### (Individual Claim)

52. Plaintiff incorporates the preceding paragraphs by reference.

53. Defendant attempted to collect money from Plaintiff even though Defendant knew Plaintiff did not owe Defendant anything.

54. On numerous occasions, Plaintiff informed Defendant that she did not owe the alleged debt and requested that Defendant stop calling her.

55. Nevertheless, Defendant continued to call Plaintiff and attempt to collect a debt Plaintiff did not owe.

56. Defendant continued to call Plaintiff with the intent to annoy, abuse, and oppress.

57. Defendant's conduct violates W. Va. Code § 46A-2-125.

### Relief Sought

**WHEREFORE**, Plaintiff seeks the following relief:

a. That the Court certify the classes proposed above under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

b. For each violation of the TCPA, award $500 in statutory damages to Plaintiff and each TCPA class member;

  c. For each willful or knowing violation of the TCPA, award $1,500 in statutory damages to Plaintiff and each TCPA class member;

  d. For each violation of the WVCCPA, a statutory penalty be awarded to Plaintiff and each WVCCPA class member;

  e. Actual and compensatory damages under the WVCCPA;

  f. That Defendant, its agents, or anyone acting on Defendant's behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

  g. A declaration that the conduct above is unlawful;

  h. That the Court enter a judgment permanently enjoining the Defendant from engaging in debt collection, or, alternatively, from engaging in or relying upon debt collection that violates the TCPA or West Virginia Law;

  i. That, should the Court permit the Defendant to engage in debt collection, it enter a judgment requiring Defendant to adopt measures to ensure TCPA and West Virginia Law compliance, and that the Court retain jurisdiction for a period of six months to ensure that the Defendant complies with those measures;

  j. That the Court declare that the equipment used to place the calls to Plaintiff are automatic telephone dialing systems within the meaning of the TCPA, and that calls placed using these systems can only be made to cellular telephone lines with the express written consent of the recipient;

  k. That the Court enter a judgment awarding any other injunctive relief necessary to ensure the Defendant's compliance with the TCPA and West Virginia Law.

  l. Reasonable attorneys' fees and the costs of this action;

    m.       Pre- and post-judgment interest; and

    n.       All other relief the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**.

                                            Plaintiff,
                                            By Counsel.

_s/ Sandra Henson Kinney_____
Jonathan R. Marshall (WVSB #10580)
Sandra Henson Kinney (WVSB #6329)
Bailey & Glasser, LLP
209 Capitol Street
Charleston, West Virginia 25301
(304) 345-6555
(304) 342-1110 *facsimile*

    *Counsel for Plaintiff*